WordPerfect Document Compare Summary

Original document:  E:\01-RWM-Data\AZ FFRF
Case\Pleadings\01-Complaint.(Dkt 1) as filed.wpd
Revised document:  E:\01-RWM-Data\AZ FFRF Case\Motions\Motion to Add
Plfs\Exh01--Complaint (Amended)-v9.wpd
Deletions are shown with the following attributes and color:
    ~~Strikeout~~, Blue  RGB(0,0,255).
    Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
    <u>Double Underline</u>, Redline, Red  RGB(255,0,0).

The document was marked with 22 Deletions, 47 Insertions, 0 Moves.

**MORRIS LAW FIRM, pllc**
Richard W. Morris, J.D., Ph.D. -- AzBar 002009
13951 West Grand Ave., Ste 203
Surprise, AZ 85374-2436
Tel 623-583-1040
rmorris@mrlaw.us

**Marc J. Victor, P.C.**
Marc J. Victor, Esq. -- AzBar 016064
3920 South Alma School Road, Ste 5
Chandler, Arizona 85248
Tel 480-755-7110
marc@attorneyforfreedom.com

Attorneys for Plaintiffs


## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA


| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, Inc., a Wisconsin non-profit corporation, ~~MIKE WASDIN, an individual, JOHN S. COMPERE, an individual, MICHAEL RENZULLI, an individual, JUSTIN GRANT, an individual~~ Valley of the Sun Chapter of the Freedom From Religion Foundation, an Arizona non-profit corporation, Mike Wasdin, an Individual, Michael Renzulli, an Individual, Justin Grant, an Individual, Jim Sharpe, an Individual, | Civil Case No. 2:11-cv-00495-ROS<br><br>AMENDED COMPLAINT FOR DECLARATORY RELIEF and INJUNCTION |

Fred Greenwood, an Individual,          )
Crystal Keshawarz, an Individual,       )
and Barry Hess, an Individual,          )
                                        )
                    Plaintiffs,         )
          v                             )
Janice K. Brewer,                       )
Governor of the State of Arizona,       )
                                        )
                    Defendant.          )
_____  )

Plaintiffs FREEDOM FROM RELIGION FOUNDATION, Inc.

(hereinafter referred to as "FFRF"), ~~MIKE WASDIN~~Valley of the Sun

Chapter of the Freedom From Religion Foundation, an Arizona non-profit

corporation, Mike Wasdin, an individual,  Michael Renzulli, an individual,

~~JOHN S. COMPERE, an individual, MICHAEL RENZULLI~~Justin Grant, an

individual, ~~JUSTIN GRANT~~Jim Sharpe, an individual, ~~for their claim~~Fred

Greenwood, an individual, Crystal Keshawarz, an individual, and Barry Hess,

an individual, (sometimes hereinafter collectively referred to as "Plaintiffs"),

for their claim, allege:

1.  Plaintiff FFRF is a Wisconsin non-stock corporation whose principal

office is in Madison, Wisconsin; FFRF is a national membership organization

whose purposes are to promote the fundamental constitutional principle of

separation of church and state and to educate on matters relating to

nontheism.

2.  FFRF has more than 16,000 members in the United States, including more than 400 members in Arizona, and a chapter in Maricopa County, who are opposed to government endorsement of religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

3.  ~~Plaintiff Michael Wasdin resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.~~

~~4.  Plaintiff John S. Compere~~Valley of the Sun Chapter of the Freedom From Religion Foundation, is an Arizona non-profit corporation, and a chapter of the National FFRF.

4.  Plaintiff Mike Wasdin resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

5.  Plaintiff Michael Renzulli resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

6.  Plaintiff Justin Grant resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

7.  Plaintiff Jim Sharpe, resides in Maricopa County, Arizona, and believes in the Christian religion and the Christian God.

8. Plaintiff Fred Greenwood resides in Maricopa County, Arizona, and believes in the Jewish religion and the Jewish God, specifically is a

Conservative Jew.

    9. Plaintiff Crystal Keshawarz resides in Maricopa County, Arizona, and believes in religion, specifically in the religion of Islam and the Islamic God.

    10. Plaintiff Barry Hess resides in Maricopa County, Arizona, a believer in religion , specifically in the Christian religion and Christian God.

    11.  Defendant Governor Janice K. Brewer is the Governor of the State of Arizona.

    12.  Governor Brewer is sued in her official capacity as the Governor of the State of Arizona.

    13.  Governor Brewer's actions in issuing prayer proclamations of any sort are taken in her official capacity and under color of law.

    14.  This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    15.  Venue is appropriate in the District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(e).

    16.  In 1791, affirming a wall of separation between the church and state, the "Establishment Clause" of the First Amendment to the United States Constitution came into effect as part of the Bill of Rights.

    17.  In 1797 the United States declared itself not to be a Christian

nation and entered into the Treaty of Tripoli, Article XI of which specifically

states the United States is not founded on the Christian religion and provides:

> As the government of the United States of America is
> not in any sense founded on the Christian
> religion—as it has in itself no character of enmity
> against the laws, religion or tranquillity of
> Musselmen—and as the said states never have
> entered into any war or act of hostility against any
> Mahometan nation, it is declared by the parties, that
> no pretext arising from religious opinions shall ever
> produce an interruption of the harmony existing
> between the two countries.

(Exhibit 1.)

18.  In 1802, Thomas Jefferson, reiterating the thoughts of the Founding

Fathers, wrote a letter to the Danbury Baptists in Connecticut, emphasizing

the purpose of the Establishment Clause, saying:

> I contemplate with sovereign reverence that act of the
> whole American people which declared that their
> legislature should "make no law respecting an
> establishment of religion, or prohibiting the free
> exercise thereof," *thus building a wall of separation*
> *between Church & State*.

(Exhibit 2. Emphasis added.)

19.  Recent history reveals many governors of the State of Arizona have

proclaimed one day each year to be an "Arizona Day of Prayer."

20.  Governor Brewer proclaimed an Arizona Day of Prayer during the ~~two~~ years she held the office of governor in 2009, 2010 and 201~~0~~1. ~~Both~~ These days of prayer coincided with the Christian-based National Day of Prayer proclaimed by President Barack Obama, and as promoted by the National Day of Prayer Task Force. (Exhibit 4, April 23, 2010 Proclamation. Exhibit 7, April 29, 2011 Proclamation.)

21. In addition, Governor Brewer proclaimed a Day of Prayer for the Budget on January 17, 2010. (Exhibit 6.)

22.  Public Law 100-307, the law which mandates the presidential National Day of Prayer proclamation, was declared unconstitutional by the United States District Court, Western District of Wisconsin, on April 20, 2010, in *FFRF v. Bush*, Case No. 08-CV-588.[1] (See Exhibit 3.)

23.  Governor Brewer also exhorted citizens to pray on January 17, 2010, when she proclaimed a Day of Prayer for the Arizona Economy and State Budget. (See Exhibit 6.)

24.  In 1971, The United States Supreme Court, in *Lemon v. Kurtzman*, 403 U.S. 602, 612-613, set forth the test which details the requirements concerning religion, known as the "Lemon Test." The Lemon Test consists of

---

[1] Case is now on appeal with FFRF requesting *en banc* review.

three prongs:

> 1.      The government's action must have a secular purpose;
>
> 2.      The government's action must not have the primary effect of either advancing or inhibiting religion; and
>
> 3.      The government's action must not result in an "excessive government entanglement" with religion.

25.  If any of one of these 3 prongs are violated, the government's action is deemed unconstitutional under the Establishment Clause of the First Amendment to the United States Constitution.

26.  Prayer is inherently a religious activity.

27.  Prayer has no secular purpose.

28.  An Arizona Day of Prayer has no secular purpose, thus violating the first prong of the Lemon Test.

29.  Exhortations to pray in official gubernatorial proclamations, directed at all the citizens of the State of Arizona, including these plaintiffs, promote and endorse religion, thus advancing religion in violation of the second prong of the Lemon Test.

30.  Governor Brewer's previous proclamations exhorting the citizens of Arizona to pray resulted in an excessive government entanglement with religion because the proclamations gave the appearance of an official

endorsement of religion by the State of Arizona, thus violating the third prong
of the Lemon Test.

31.  Official government prayer proclamations exhorting citizens to
engage in prayer, including calls for the celebration of religion, create an
unconstitutional bond between church and state.

32.  The designation of an Arizona Day of Prayer has the intent and
effect of giving official government recognition to the endorsement of religion.

33.  Article II, Section 12, of the Arizona Constitution, in pertinent part
provides:

> No public money or property shall be appropriated
> for or applied to any religious worship, exercise, or
> instruction, or to the support of any religious
> establishment.

34.  Governor Brewer's 2010 and 2011 proclamations of a Day of Prayer
(Exhibits 4 and 7) violated Article II, Section 12, of the Arizona Constitution
when she used her government position to appropriate and apply public
money and property by endorsing religious worship, exercise or instruction,
and supported religious establishment.

35.  The Arizona Constitution, Article XX, Section 1, in pertinent part,
provides:

> Perfect toleration of religious sentiment shall be
> secured to every inhabitant of this state, and no

inhabitant of this state shall ever be molested in
person or property on  account of his or her mode of
religious worship, or lack of the same.

36.  Prayer proclamations by government officials, including
proclamations by Governor Brewer, convey to nonreligious Arizona citizens
the message that the Arizona state government expects them to believe in a
god.

37.  Such government proclamations reflect the official policy of the
government of the State of Arizona, giving institutional support to the
endorsement of religion in preference to non-religion by the government of
Arizona.

38.  Governor Brewer's 2010 and 2011 proclamation was were an
affirmative encouragement to the citizens of Arizona to pray. The
proclamations attacked the protected right of these plaintiffs, and of each
Arizona citizen, under the Arizona Constitution, Article XX, Paragraph 1,
from molestation in person or property on account of his or her mode of
religious worship, or lack of same.

39.  The Arizona government prayer proclamations turns believers in
religion into political insiders — and makes non-believers political outsiders,
unable fully to take part in governmental processes.

40.  The Arizona government prayer proclamation ~~is~~s are intended to be, and ~~is~~are received by the citizens of Arizona, including the plaintiffs, as exhortations to pray, regardless of their creed or non-belief; such proclamations create a culture of government-sanctioned religiosity in violation of the Constitution of the State of Arizona.

41.  Designation of an Arizona Day of Prayer by Governor Brewer encourages celebration of prayer and creates a hostile environment for non-believers, who are made to feel as if they are second class citizens.

42.  Unless enjoined, Governor Brewer is expected to issue a similar proclamation for an Arizona Day of Prayer in 201~~1~~2, again to coincide with and ~~based~~ upon the National Day of Prayer preference for the Christian religion.

43.  The Arizona government proclamations of prayer in the public realm further call forth and encourage other public officials to engage in public ceremonies endorsing religion, including the quintessential religious act of prayer, for example the prayer proclamation by the mayor of the City of Phoenix in 2010. (Exhibit 5.) This proclamation references the biblical theme pre-selected by the National Day of Prayer Task Force, a Christian evangelical organization, thus removing all doubt as to the Christian preference of the official proclamation.

44.  The individual plaintiffs in this lawsuit, as well as Arizona FFRF members and other non-believers in Arizona, are molested by and subjected to these unwanted exhortations to pray and the resulting government-sanctioned celebrations of religion in the public realm.

45.  FFRF, as an organization, has the mission and purpose to promote the Constitutional principle of separation of church and state and to educate on matters relating to nontheism, as well as to advocate on behalf of its members.

46.  The ability of FFRF to carry out its organizational mission in the State of Arizona to keep church and state separate is adversely affected by prayer proclamations and designations by local governments of days of prayer because the exhortations to pray precipitate and give official sanction to governmental endorsement of religion, as well as requiring the dedication of corrective resources and time, thus frustrating FFRF's mission to keep separate church and state.

47.  The actions of Governor Brewer in issuing prayer proclamations and dedicating other days of prayer are injurious to the interests of the plaintiffs individually, and to FFRF in its representative and organizational capacity.

48.  The above-named actions violate the fundamental principle of the

separation of church and state embodied in the Establishment Clause of the First Amendment to the U.S. Constitution, as well as Articles II and XX of the Arizona Constitution, by actively endorsing religion, giving the appearance of the government's official support for and advocacy of religion through the medium of prayer, and molesting the interests of the plaintiffs and other non-believing citizens of Arizona, thus interfering with their rights of personal conscience.

49.  Governor Brewer's actions, under color of state law, violate the constitutional rights of the plaintiffs and other citizens of Arizona as protected by Section 1983 of Title 42 of the United States Code.

50. To be clear, plaintiffs are not requesting an injunction to prevent people from private prayer, but only to separate religion from the state.

**WHEREFORE**, the plaintiffs demand judgment as follows:

A. For declaratory judgment declaring the 2010 and 2011 Day of Prayer proclamations by Governor Brewer violated the Establishment Clause of the First Amendment to the United States Constitution;

B. For declaratory judgment declaring the 2010 and 2011 prayer proclamations by Governor Brewer violated Article II, Section 12 of the Arizona Constitution;

C. For declaratory judgment declaring the 2010 and 2011 prayer

proclamations by Governor Brewer violated Article XX, Section 1 of the Arizona Constitution;

D. For declaratory judgment declaring the actions of Governor Brewer violate 42 U.S.C. § 1983;

E. For an injunction enjoining Governor Brewer from proclaiming any days of prayer in 2011~~1~~2 and thereafter.

F. For judgment awarding the plaintiffs their reasonable costs, disbursements and attorneys fees, as allowed by law, from Governor Brewer pursuant to 42 U.S.C. § 1988; and

G. For such other and further relief as the court shall deem just.

Date: ~~March~~August 1~~5~~, 2011.

**Morris Law Firm, pllc**

/s/ *Richard W. Morris*
By: Richard W. Morris, J.D., Ph.D.
Attorneys for Plaintiffs

**Marc J. Victor, P.C.**

/s/ Marc J. Victor
By: Marc J. Victor, Esq.
Attorneys for Plaintiffs

# Exhibit 1
## 1797 Treaty of Tripoli

# Exhibit 2

1802 Letter of Thomas Jefferson

# Exhibit 3
Judgment, U.S. District Court
Western District of Wisconsin

# Exhibit 4

Governor Brewer's April 23, 2010 Proclamation

# Exhibit 5
Mayor of Phoenix 2010 Proclamation

# Exhibit 6

Governor Brewer's Proclamation for
Day of Prayer for the Arizona Economy and State Budget.
January 17, 2010.

# Exhibit 7
## April 29, 2011 Proclamation