**MORRIS LAW FIRM**, pllc
Richard W. Morris, J.D., Ph.D. -- AzBar 002009
13951 West Grand Ave., Ste 203
Surprise, AZ 85374-2436
Tel 623-583-1040
rmorris@mrlaw.us

**Marc J. Victor, P.C.**
Marc J. Victor, Esq. -- AzBar 016064
3920 South Alma School Road, Ste 5
Chandler, Arizona 85248
Tel 480-755-7110
marc@attorneyforfreedom.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, Inc., a Wisconsin non-profit corporation, Valley of the Sun Chapter of the Freedom From Religion Foundation, an Arizona non-profit corporation, Mike Wasdin, an Individual, Michael Renzulli, an Individual, Justin Grant, an Individual, Jim Sharpe, an Individual, Fred Greenwood, an Individual, Crystal Keshawarz, an Individual, and Barry Hess, an Individual, | Civil Case No.  2:11-cv-00495-ROS |
| Plaintiffs, | AMENDED COMPLAINT FOR DECLARATORY RELIEF and INJUNCTION |

```
                    v                    )
Janice K. Brewer,                        )
Governor of the State of Arizona,        )
                                         )
                    Defendant.           )
_____       )
```

Plaintiffs FREEDOM FROM RELIGION FOUNDATION, Inc.

(hereinafter referred to as "FFRF"), Valley of the Sun Chapter of the

Freedom From Religion Foundation, an Arizona non-profit corporation, Mike

Wasdin, an individual,  Michael Renzulli, an individual, Justin Grant, an

individual, Jim Sharpe, an individual, Fred Greenwood, an individual, Crystal

Keshawarz, an individual, and Barry Hess, an individual, (sometimes

hereinafter collectively referred to as "Plaintiffs"), for their claim, allege:

1.  Plaintiff FFRF is a Wisconsin non-stock corporation whose principal

office is in Madison, Wisconsin; FFRF is a national membership organization

whose purposes are to promote the fundamental constitutional principle of

separation of church and state and to educate on matters relating to

nontheism.

2.  FFRF has more than 16,000 members in the United States, including

more than 400 members in Arizona, and a chapter in Maricopa County, who

are opposed to government endorsement of religion in violation of the

Establishment Clause of the First Amendment to the United States

Constitution.

3.  Valley of the Sun Chapter of the Freedom From Religion Foundation, is an Arizona non-profit corporation, and a chapter of the National FFRF.

4.  Plaintiff Mike Wasdin resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

5.  Plaintiff Michael Renzulli resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

6.  Plaintiff Justin Grant resides in Maricopa County, Arizona, is a member of FFRF, and a nonbeliever in religion or in one or more gods.

7.  Plaintiff Jim Sharpe, resides in Maricopa County, Arizona, and believes in the Christian religion and the Christian God.

8. Plaintiff Fred Greenwood resides in Maricopa County, Arizona, and believes in the Jewish religion and the Jewish God, specifically is a Conservative Jew.

9. Plaintiff Crystal Keshawarz resides in Maricopa County, Arizona, and believes in religion, specifically in the religion of Islam and the Islamic God.

10. Plaintiff Barry Hess resides in Maricopa County, Arizona, a believer in religion , specifically in the Christian religion and Christian God.

11.  Defendant Governor Janice K. Brewer is the Governor of the State of Arizona.

12.  Governor Brewer is sued in her official capacity as the Governor of the State of Arizona.

13.  Governor Brewer's actions in issuing prayer proclamations of any sort are taken in her official capacity and under color of law.

14.  This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

15.  Venue is appropriate in the District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(e).

16.  In 1791, affirming a wall of separation between the church and state, the "Establishment Clause" of the First Amendment to the United States Constitution came into effect as part of the Bill of Rights.

17.  In 1797 the United States declared itself not to be a Christian nation and entered into the Treaty of Tripoli, Article XI of which specifically states the United States is not founded on the Christian religion and provides:

> As the government of the United States of America is not in any sense founded on the Christian religion—as it has in itself no character of enmity against the laws, religion or tranquillity of Musselmen—and as the said states never have entered into any war or act of hostility against any Mahometan nation, it is declared by the parties, that

no pretext arising from religious opinions shall ever
produce an interruption of the harmony existing
between the two countries.

(Exhibit 1.)

18.  In 1802, Thomas Jefferson, reiterating the thoughts of the Founding

Fathers, wrote a letter to the Danbury Baptists in Connecticut, emphasizing

the purpose of the Establishment Clause, saying:

I contemplate with sovereign reverence that act of the
whole American people which declared that their
legislature should "make no law respecting an
establishment of religion, or prohibiting the free
exercise thereof," _thus building a wall of separation_
_between Church & State_.

(Exhibit 2. Emphasis added.)

19.  Recent history reveals many governors of the State of Arizona have

proclaimed one day each year to be an "Arizona Day of Prayer."

20.  Governor Brewer proclaimed an Arizona Day of Prayer during the

years she held the office of governor in 2009, 2010 and 2011.  These days of

prayer coincided with the Christian-based National Day of Prayer proclaimed

by President Barack Obama, and as promoted by the National Day of Prayer

Task Force. (Exhibit 4, April 23, 2010 Proclamation. Exhibit 7, April 29, 2011

Proclamation.)

21. In addition, Governor Brewer proclaimed a Day of Prayer for the

Budget on January 17, 2010. (Exhibit 6.)

22.  Public Law 100-307, the law which mandates the presidential

National Day of Prayer proclamation, was declared unconstitutional by the

United States District Court, Western District of Wisconsin, on April 20, 2010,

in *FFRF v. Bush*, Case No. 08-CV-588.[1] (See Exhibit 3.)

23.  Governor Brewer also exhorted citizens to pray on January 17,

2010, when she proclaimed a Day of Prayer for the Arizona Economy and

State Budget. (See Exhibit 6.)

24.  In 1971, The United States Supreme Court, in *Lemon v. Kurtzman*,

403 U.S. 602, 612-613, set forth the test which details the requirements

concerning religion, known as the "Lemon Test." The Lemon Test consists of

three prongs:

> 1.    The government's action must have a secular
> purpose;
>
> 2.    The government's action must not have the
> primary effect of either advancing or inhibiting
> religion; and
>
> 3.    The government's action must not result in an
> "excessive government entanglement" with religion.

25.  If any of one of these 3 prongs are violated, the government's action

---

[1] Case is now on appeal with FFRF requesting *en banc* review.

is deemed unconstitutional under the Establishment Clause of the First
Amendment to the United States Constitution.

26.  Prayer is inherently a religious activity.

27.  Prayer has no secular purpose.

28.  An Arizona Day of Prayer has no secular purpose, thus violating the
first prong of the Lemon Test.

29.  Exhortations to pray in official gubernatorial proclamations,
directed at all the citizens of the State of Arizona, including these plaintiffs,
promote and endorse religion, thus advancing religion in violation of the
second prong of the Lemon Test.

30.  Governor Brewer's previous proclamations exhorting the citizens of
Arizona to pray resulted in an excessive government entanglement with
religion because the proclamations gave the appearance of an official
endorsement of religion by the State of Arizona, thus violating the third prong
of the Lemon Test.

31.  Official government prayer proclamations exhorting citizens to
engage in prayer, including calls for the celebration of religion, create an
unconstitutional bond between church and state.

32.  The designation of an Arizona Day of Prayer has the intent and
effect of giving official government recognition to the endorsement of religion.

33.   Article II, Section 12, of the Arizona Constitution, in pertinent part provides:

> No public money or property shall be appropriated for or applied to any religious worship, exercise, or instruction, or to the support of any religious establishment.

34.   Governor Brewer's 2010 and 2011 proclamations of a Day of Prayer (Exhibits 4 and 7) violated Article II, Section 12, of the Arizona Constitution when she used her government position to appropriate and apply public money and property by endorsing religious worship, exercise or instruction, and supported religious establishment.

35.   The Arizona Constitution, Article XX, Section 1, in pertinent part, provides:

> Perfect toleration of religious sentiment shall be secured to every inhabitant of this state, and no inhabitant of this state shall ever be molested in person or property on  account of his or her mode of religious worship, or lack of the same.

36.   Prayer proclamations by government officials, including proclamations by Governor Brewer, convey to nonreligious Arizona citizens the message that the Arizona state government expects them to believe in a god.

37.   Such government proclamations reflect the official policy of the

government of the State of Arizona, giving institutional support to the endorsement of religion in preference to non-religion by the government of Arizona.

38.  Governor Brewer's 2010 and 2011 proclamations were an affirmative encouragement to the citizens of Arizona to pray. The proclamations attacked the protected right of these plaintiffs, and of each Arizona citizen, under the Arizona Constitution, Article XX, Paragraph 1, from molestation in person or property on account of his or her mode of religious worship, or lack of same.

39.  The Arizona government prayer proclamations turn believers in religion into political insiders — and makes non-believers political outsiders, unable fully to take part in governmental processes.

40.  The Arizona government prayer proclamations are intended to be, and are received by the citizens of Arizona, including the plaintiffs, as exhortations to pray, regardless of their creed or non-belief; such proclamations create a culture of government-sanctioned religiosity in violation of the Constitution of the State of Arizona.

41.  Designation of an Arizona Day of Prayer by Governor Brewer encourages celebration of prayer and creates a hostile environment for non-believers, who are made to feel as if they are second class citizens.

42.  Unless enjoined, Governor Brewer is expected to issue a similar proclamation for an Arizona Day of Prayer in 2012, again to coincide with and based upon the National Day of Prayer preference for the Christian religion.

43.  The Arizona government proclamations of prayer in the public realm further call forth and encourage other public officials to engage in public ceremonies endorsing religion, including the quintessential religious act of prayer, for example the prayer proclamation by the mayor of the City of Phoenix in 2010. (Exhibit 5.) This proclamation references the biblical theme pre-selected by the National Day of Prayer Task Force, a Christian evangelical organization, thus removing all doubt as to the Christian preference of the official proclamation.

44.  The individual plaintiffs in this lawsuit, as well as Arizona FFRF members and other non-believers in Arizona, are molested by and subjected to these unwanted exhortations to pray and the resulting government-sanctioned celebrations of religion in the public realm.

45.  FFRF, as an organization, has the mission and purpose to promote the Constitutional principle of separation of church and state and to educate on matters relating to nontheism, as well as to advocate on behalf of its members.

46.  The ability of FFRF to carry out its organizational mission in the

State of Arizona to keep church and state separate is adversely affected by prayer proclamations and designations by local governments of days of prayer because the exhortations to pray precipitate and give official sanction to governmental endorsement of religion, as well as requiring the dedication of corrective resources and time, thus frustrating FFRF's mission to keep separate church and state.

47.  The actions of Governor Brewer in issuing prayer proclamations and dedicating other days of prayer are injurious to the interests of the plaintiffs individually, and to FFRF in its representative and organizational capacity.

48.  The above-named actions violate the fundamental principle of the separation of church and state embodied in the Establishment Clause of the First Amendment to the U.S. Constitution, as well as Articles II and XX of the Arizona Constitution, by actively endorsing religion, giving the appearance of the government's official support for and advocacy of religion through the medium of prayer, and molesting the interests of the plaintiffs and other non-believing citizens of Arizona, thus interfering with their rights of personal conscience.

49.  Governor Brewer's actions, under color of state law, violate the constitutional rights of the plaintiffs and other citizens of Arizona as

protected by Section 1983 of Title 42 of the United States Code.

50. To be clear, plaintiffs are not requesting an injunction to prevent people from private prayer, but only to separate religion from the state.

**WHEREFORE**, the plaintiffs demand judgment as follows:

A. For declaratory judgment declaring the 2010 and 2011 Day of Prayer proclamations by Governor Brewer violated the Establishment Clause of the First Amendment to the United States Constitution;

B. For declaratory judgment declaring the 2010 and 2011 prayer proclamations by Governor Brewer violated Article II, Section 12 of the Arizona Constitution;

C. For declaratory judgment declaring the 2010 and 2011 prayer proclamations by Governor Brewer violated Article XX, Section 1 of the Arizona Constitution;

D. For declaratory judgment declaring the actions of Governor Brewer violate 42 U.S.C. § 1983;

E. For an injunction enjoining Governor Brewer from proclaiming any days of prayer in 2012 and thereafter.

F. For judgment awarding the plaintiffs their reasonable costs, disbursements and attorneys fees, as allowed by law, from Governor Brewer pursuant to 42 U.S.C. § 1988; and

G. For such other and further relief as the court shall deem just.

Date: August 1, 2011.

> **Morris Law Firm, pllc**
>
> /s/ *Richard W. Morris*
> _____
> By: Richard W. Morris, J.D., Ph.D.
> Attorneys for Plaintiffs
>
>
> **Marc J. Victor, P.C.**
> /s/ Marc J. Victor
> _____
> By: Marc J. Victor, Esq.
> Attorneys for Plaintiffs

# Exhibit 1
### 1797 Treaty of Tripoli

8 Stat 154, 1796 WL 843 (U.S. Treaty)

UNITED STATES OF AMERICA
**Tripoli**

Treaty of Peace and Friendship Between the United States of America, and the Bey and Subjects of Tripoli, of Barbary.
[FN1]

FN1. The treaties between the United States and Tripoli have been:

FNThe treaty of November 4, 1796.

FNThe treaty of June 4, 1805, post, 214.

Nov. 4, 1796.

ARTICLE I.

ARTICLE II.

ARTICLE III.

ARTICLE IV.

ARTICLE V.

ARTICLE VI

ARTICLE VII.

ARTICLE VIII.

ARTICLE IX.

ARTICLE X.

ARTICLE XI.

ARTICLE XII.

ARTICLE I.

**\*1** THERE is a firm and perpetual peace and friendship between the United States of America and the Bey and Subjects of Tripoli of Barbary, made by the free consent of both parties, and guaranteed by the Most Potent Dey and Regency of Algiers.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

## ARTICLE II.

If any goods belonging to any nation with which either of the parties is at war, shall be loaded on board of vessels belonging to the other party, they shall pass free, and no attempt shall be made to take or detain them.

## ARTICLE III.

If any Citizens, Subjects of Effects belonging to either party, shall be found on board a prize-vessel taken from an enemy by the other party, such Citizens or Subjects shall be set at liberty, and the effects restored to the owners.

## ARTICLE IV.

Proper passports are to be given to all vessels of both parties, by which they are to be known. And considering the distance between the two countries, eighteen months from the date of this treaty shall be allowed for procuring such passports. During this interval, the other papers belonging to such vessels shall be sufficient for their protection.

## ARTICLE V.

A Citizen or Subject of either party having bought a prize-vessel condemned by the party or by any other nation, the certificate of condemnation and bill of sale shall be a sufficient passport for such vessel for one year; this being a reasonable time for her to procure a proper passport.

## ARTICLE VI

Vessels of either party putting into the ports of the other, and having need of provisions or other supplies, they shall be furnished at the market price. And if any such vessel shall so put in from a disaster at sea, and have occasion to repair, she shall be at liberty to land and reimbark her cargo, without paying any duties. But in no case shall she be compelled to land her cargo.

## ARTICLE VII.

Should a vessel of either party be cast on the shore of the other, all proper assistance shall be given to her and her people-No pillage shall be allowed; the property shall remain at the disposition of the owners, and the crew protected and succoured till they can be sent to their country.

## ARTICLE VIII.

If a vessel of either party should be attacked by an enemy within gun shot of the forts of the other, she shall be defended as much as possible. If she be in port, she shall not be seized or attacked, when it is in the power of the other party to protect her; and when she proceeds to sea, no enemy shall be allowed to pursue her from the same port within twenty-four hours after her departure.

## ARTICLE IX.

The commerce between the United States and Tripoli-the protection to be given to merchants, masters of vessels and seamen-the reciprocal right of establishing consuls in each country, and the privileges, immunities, and jurisdictions to be enjoyed by such consuls, are declared to be on the same footing with those of the most favoured

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

nations respectively.

## ARTICLE X.

**\*2** The money and presents demanded by the Bey of Tripoli, as a full and satisfactory consideration on his part, and on the part of his subjects, for this treaty of perpetual peace and friendship, are acknowledged to have been received by him previous to his signing the same, according to a receipt which is hereto annexed; except such part as is promised on the part of the United States, to be delivered and paid by them on the arrival of their consul in Tripoli, of which part a notice is likewise hereto annexed. _____ And no pretence of any periodical tribute or farther payment is ever to be made by either party.

## ARTICLE XI.

As the government of the United States of America is not in any sense founded on the Christian religion-as it has in itself no character of emnity against the laws, religion or tranquillity of Musselmen-and as the said states never have entered into any war or act of hostility against any Mahometan nation, it is declared by the parties, that no pretext arising from religious opinions shall ever produce an interruption of the harmony existing between the two countries.

## ARTICLE XII.

In case of any dispute arising from the violation of any of the articles of this treaty, no appeal shall be made to arms, nor shall war be declared on any pretext whatever. But if the consul residing at the place where the dispute shall happen, shall not be able to settle the same, an amicable reference shall be made to the mutual friend of the parties, the Dey of Algiers, the parties hereby engaging to abide by his decision. And he by virtue of his signature to this treaty, engages for himself and his successors, to declare the justice of the case according to the true interpretation of the treaty, and to use all the means in his power to enforce the observance of the same.

Signed and Sealed at Tripoli of Barbary, the 3d day of Jumad, in the year of the Higera, 1211, corresponding with the 4th day of November, 1796, by

JUSSUF BASHAW MAHOMET,
*Bey*.
(L. S.)

MAMET,
*Treasurer*.
(L. S.)

AMET,
*Minister of Marine*.
(L. S.)

AMET,
*Chamberlain*.
(L. S.)

ALLY,
*Chief of the Divan*.

(L. S.)

SOLIMAN KAYA.
(L. S.)

GALIL,
*General of the Troops*.
(L. S.)

MAHOMET,
*Cmdt. of the City*.
(L. S.)

MAMET,
*Secretary*.
(L. S.)

    Signed and sealed at Algiers, the 4th day of Argil, 1211, corresponding with the 3d day of January, 1797, by

HASSAN BASHAW,
*Dey*.
(L. S.)

And by the Agent Plenipotentiary of the United States of America,

JOEL BARLOW.
(L. S.)

I, Joel Barlow, Agent and Consul General of the United States of America, for the City and Kingdom of Algiers, certify and attest that the foregoing is a true copy of the treaty, concluded between the said United States and the Bey and Subjects of Tripoli of Barbary, of which the original is to be transmitted by me to the Minister of the said United States, in Lisbon.
    **\*3** In testimony whereof, I sign these presents with my hand, and affix thereto the seal of the Consulate of the United States, at Algiers, this 4th day of January, 1797.

JOEL BARLOW.
(L. S.)

To all to whom these presents shall come or be made known:

WHEREAS the under-written David Humphreys, hath been duly appointed Commissioner Plenipotentiary, by Letters Patent under the signature of the President and seal of the United States of America, dated the 30th of March, 1795, for negociating and concluding a treaty of peace with the most illustrious the Bashaw, Lords and Governors of the City and Kingdom of Tripoli: WHEREAS, by a writing under his hand and seal, dated the 10th of February, 1796, he did, (in conformity to the authority committed me therefor) constitute and appoint Joel Barlow, and Joseph Donaldson, Junior, agents, jointly and separately in the business aforesaid: WHEREAS the annexed Treaty of Peace and Friendship, was agreed upon, signed and sealed at Tripoli of Barbary, on the 4th of November, 1796, in virtue of the powers aforesaid, and guaranteed by the Most Potent Dey and Regency of Al-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

giers: AND WHEREAS the same was certified at Algiers on the 3d of January, 1797, with the signature and seal of Hassan Bashaw, Dey, and of Joel Barlow, one of the agents aforesaid, in the absence of the other.

Now, know ye, that I, David Humphreys, commissioner plenipotentiary aforesaid, do approve and conclude the said treaty, and every article and clause therein contained, reserving the same nevertheless for the final ratification of the President of the United States of America, by and with the advice and consent of the Senate of the said United States.

In testimony whereof, I have signed the same with my name and seal, at the city of Lisbon, this 10th of February, 1797.

DAVID HUMPHREYS.
(L. S.)

8 Stat 154, 1796 WL 843 (U.S. Treaty)
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit 2

## 1802 Letter of Thomas Jefferson

The Library of Congress > Information Bulletin > June 1998

---

Jefferson's Letter to the Danbury Baptists
The Final Letter, as Sent

To messers. Nehemiah Dodge, Ephraim Robbins, & Stephen S. Nelson, a committee of the Danbury Baptist association in the state o Connecticut.

Gentlemen

The affectionate sentiments of esteem and approbation which you are so good as to express towards me, on behalf of the Danbury Baptist association, give me the highest satisfaction, my duties dictate a faithful and zealous pursuit of the interests of my constituents. & in proportion as they are persuaded of my fidelity to those duties, the discharge of them becomes more and more pleasing.

Believing with you that religion is a matter which lies solely between Man & his God, that he owes account to none other for his faith or his worship, that the legitimate powers of government reach actions only, & not opinions, I contemplate with sovereign reverence that act of the whole American people which declared that their legislature should "make no law respecting an establishment of religion, or prohibiting the free exercise thereof," thus building a wall of separation between Church & State. Adhering to this expression of the supreme will of the nation in behalf of the rights of conscience, I shall see with sincere satisfaction the progress of those sentiments which tend to restore to man all his natural rights, convinced he has no natural right in opposition to his social duties.

I reciprocate your kind prayers for the protection & blessing of the common father and creator of man, and tender you for yourselves & your religious association, assurances of my high respect & esteem,

Th Jefferson
Jan. 1. 1802.

# Exhibit 3
Judgment, U.S. District Court
Western District of Wisconsin

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION FOUNDATION, INC.,
ANNE NICOL GAYLOR, ANNIE LAURIE GAYLOR,
DAN BARKER, PAUL GAYLOR, PHYLLIS ROSE
and JILL DEAN,

                    Plaintiffs,                        JUDGMENT IN A CIVIL CASE

              v.                                  Case No.  08-cv-588-bbc

President BARACK OBAMA,
White House Press Secretary ROBERT L. GIBBS
and SHIRLEY DOBSON, Chairman of the
National Day of Prayer Task Force,

                    Defendants.

This action came for consideration before the court with District Judge Barbara B. Crabb presiding.  The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of defendants Barack Obama and Robert L. Gibbs dismissing plaintiffs' claim challenging the constitutionality of prayer proclamations generally for plaintiffs' lack of standing, and dismissing plaintiffs' complaint as to defendant Shirley Dobson on the ground that plaintiffs have not shown they have standing to sue her.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of plaintiffs Freedom from Religion Foundation, Inc., Anne Nicol Gaylor, Annie Laurie Gaylor, Dan Barker, Paul Gaylor, Phyllis Rose and Jill Dean declaring that 36 U.S.C. § 119 violates the establishment clause of the First Amendment to the United States Constitution.  Defendants Barack Obama and Robert L. Gibbs are enjoined from

enforcing 36 U.S.C. § 119.  The injunction shall take effect at the conclusion of any appeals filed by defendants or the expiration of defendants' deadline for filing an appeal, whichever is later.

Approved as to form this _30ᵗʰ_ day of April, 2010.


_Barbara B. Crabb_
Barbara B. Crabb, District Judge


_By: Pam Kohler, Deputy Clerk_                    _4-20-10_
Peter Oppeneer, Clerk of Court                    Date

# Exhibit 4

Governor Brewer's April 23, 2010 Proclamation

Janice K. Brewer
Governor

# Office of the Governor

## * ARIZONA DAY OF PRAYER *

**WHEREAS,** the religious freedom guaranteed us by the First Amendment to the United States Constitution and the diversity of faiths practiced in America have made our land a beacon for people who seek freedom to worship according to their conscience; and

**WHEREAS,** Americans of every race, background and creed come together in churches, synagogues, temples, mosques and their own homes to pray for guidance, wisdom and courage; and

**WHEREAS,** just as we rely on prayer for courage, hope and renewal in our private lives, so too do we turn to prayer at times of joy, crisis and tragedy in our public life as a Nation and a State; and

**WHEREAS,** Congress, by Public Law 100-307, has called on our citizens to reaffirm the role of prayer in our society and to honor the religious diversity our freedom permits by recognizing annually a "National Day of Prayer"; and

**WHEREAS,** we are especially mindful of the heroic men and women serving in our Armed Forces, especially those serving abroad.

**NOW, THEREFORE, I,** Janice K. Brewer, Governor of the State of Arizona, do hereby proclaim May 6, 2010 as

## * ARIZONA DAY OF PRAYER *

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arizona

*Janice K. Brewer*

**GOVERNOR**

**DONE** at the Capitol in Phoenix on this twenty-first day of April in the year Two Thousand and Ten, and of the Independence of the United States of America the Two Hundred and Thirty-fourth.
**ATTEST:**

*Ken Bennett*

**Secretary of State**

# Exhibit 5
Mayor of Phoenix 2010 Proclamation

MAYOR PHIL GORDON



## A Proclamation

## DAY OF PRAYER

**WHEREAS,** prayer is a vital part of our national heritage, and

**WHEREAS,** our forefathers turned to prayer as they sacrificially fought for freedom; and

**WHEREAS,** the United States Congress pass Joint Resolution 382 on April 17, 1952, establishing an annual national day of prayer to join together as a nation acknowledging God in prayer each year; and

**WHEREAS,** President Truman signed into law, PL 324, the observance of an annual National Day of Prayer; and

**WHEREAS,** President Reagan permanently established the first Thursday of May to be the National Day of Prayer when he signed PL 100-307, and

**WHEREAS,** the theme for this year is "Prayer – America's Hope" based on Psalm 33:22 "May your unfailing love rest upon us, O' Lord, even as we put our hope in you."

**NOW, THEREFORE, I, PHIL GORDON, MAYOR of the City of Phoenix, Arizona, do hereby proclaim May 6, 2010 to be A DAY OF PRAYER in Phoenix.**

*Phil Gordon*
**Mayor**

# Exhibit 6

Governor Brewer's Proclamation for
Day of Prayer for the Arizona Economy and State Budget.
January 17, 2010.

Janice K. Brewer

Governor

# Office of the Governor

## * DAY OF PRAYER FOR ARIZONA'S ECONOMY AND STATE BUDGET *

**WHEREAS,** throughout our national history, government leaders, including Presidents George Washington and Abraham Lincoln, Governors and Congress, have called for a day of prayer to humbly ask God for His forgiveness, blessings and guidance during times of difficulty; and

**WHEREAS,** the unique motto of the State of Arizona, *Ditat Deus*-"God Enriches"- acknowledges the blessings of God; and

**WHEREAS,** Arizona is suffering from the severe effects of a prolonged national and state economic recession that threatens the livelihood of many of our citizens and challenges the quality of life for all citizens; and

**WHEREAS,** throughout this day of prayer, we ask for God's favor, blessing, wisdom and guidance to rest upon our state government, businesses and our citizens, that God would guide our state government leaders to resolve the state's budget deficit, renew the vitality of our state's economy and that God would aid and empower the citizens and businesses in our state and in our nation.

**NOW, THEREFORE, I,** Janice K. Brewer, Governor of the State of Arizona, do hereby proclaim January 17, 2010 as a

## * DAY OF PRAYER FOR ARIZONA'S ECONOMY AND STATE BUDGET *

and encourage all citizens to pray for God's blessings on our State and our Nation.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arizona

*Janice K. Brewer*

**GOVERNOR**

**DONE** at the Capitol in Phoenix on this seventh day of January in the year Two Thousand and Ten, and of the Independence of the United States of America the Two Hundred and Thirty-fourth. *ATTEST:*

*Ken Bennett*

**Secretary of State**

# Exhibit 7

April 29, 2011 Proclamation

Janice K. Brewer
Governor

# Office of the Governor

**\* ARIZONA DAY OF PRAYER \***

**WHEREAS,** the religious freedom guaranteed us and protected by the First Amendment of the United States Constitution and the diversity of faiths practiced in America have made our land a beacon for people who seek freedom to worship according to their conscience; and

**WHEREAS,** Americans of every race, background and creed come together in churches, synagogues, temples, mosques and their own homes to pray for guidance, wisdom and courage; and

**WHEREAS,** just as we rely on prayer for courage, hope and renewal in our private lives, so likewise do we turn to prayer at times of joy, crisis and tragedy in our public life as a Nation and a State; and

**WHEREAS,** Congress, by Public Law 100-307, has called on our citizens to reaffirm the role of prayer in our society and to honor the religious diversity our freedom permits by recognizing annually a "National Day of Prayer"; and

**WHEREAS,** we are especially mindful of the heroic men and women serving in our Armed Forces, especially those serving abroad.

**NOW, THEREFORE, I,** Janice K. Brewer, Governor of the State of Arizona, do hereby proclaim May 5, 2011 as

**\* ARIZONA DAY OF PRAYER \***

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arizona

*Janice K. Brewer*

*GOVERNOR*

**DONE** at the Capitol in Phoenix on this twenty-ninth day of April in the year Two Thousand and Eleven, and of the Independence of the United States of America the Two Hundred and Thirty-fifth.
**ATTEST:**

*Ken Bennett*

**Secretary of State**