THOMAS C. HORNE
Attorney General
David R. Cole (004643)
Solicitor General
1275 West Washington
Phoenix, Arizona 85007
Telephone:    602.542.3333
Facsimile:    602.542.8308
Email:  Dave.Cole@azag.gov

Joseph A. Kanefield (015838)
kanefieldj@ballardspahr.com
Jaclyn D. Foutz (024286)
foutzj@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:    602.798.5400
Facsimile:    602.798.5595

Joseph Sciarrotta, Jr. (017481)
Office of the Governor Janice K. Brewer
1700 West Washington, 9th Floor
Phoenix, Arizona 85007
Telephone:    602.542.1586
Facsimile:    602.542.7602
Email:  jsciarrotta@az.gov

*Attorneys for Defendant Janice K. Brewer, Governor of the State of Arizona*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, Valley of the Sub Chapter of the Freedom From Religion Foundation, an Arizona non-profit corporation, Mike Wasdin, an individual, Michael Renzulli, an individual, Justin Grant, an individual, Jim Sharpe, an individual, Fred Greenwood, an individual, Crystal Keshawarz, an individual, and Barry Hess, an individual. | Case No. 2:11-CV-00495-ROS-PHX |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| Janice K. Brewer, Governor of the State of Arizona, | (Assigned to Chief Judge Roslyn O. Silver) |
| Defendant. | |

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

DMWEST #8544180 v1

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1    Plaintiffs, who consist of seven individuals and the Freedom From Religion

2  Foundation, Inc. ("FFRF") have not established an injury sufficient to meet their burden

3  to establish standing and Plaintiffs' request for declaratory relief is moot and/or seeks an

4  advisory opinion. *See, generally,* Governor Brewer's Motion to Dismiss Plaintiffs' First

5  Amended Complaint ("FAC") (the "Motion").  In their Response, Plaintiffs argue that the

6  Proclamations inflicted sufficient injury upon them to establish standing because

7  Plaintiffs were "molested" and felt "shamed" by the Proclamations and because Plaintiffs

8  allegedly chose to avoid media reports that addressed government officials proclaiming

9  religion. *See* Response at 6.

10    Plaintiffs' arguments are unavailing.  It is a bedrock principal of Constitutional

11  law that, to have standing, a plaintiff must establish that he or she has suffered an "injury

12  in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural

13  or hypothetical.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  Plaintiffs'

14  purported injuries amount to nothing more than a generalized grievance regarding the

15  Proclamations.  Such a grievance is not an injury sufficient to meet Plaintiffs' burden to

16  establish standing because disdaining a government proclamation is not a "wrong."  *See*

17  *Freedom From Religion Found., Inc. v. Obama,* 641 F.3d 803, 806 (7th Cir. 2011).

18  Thus, Plaintiffs' FAC should be dismissed because Plaintiffs lack standing.

19                                         **ARGUMENT**

20  **I.      PLAINTIFFS LACK ARTICLE III STANDING.**

21      **A.      Because Plaintiffs Lack Standing, This Court Does Not Have**
22              **Jurisdiction.**

23    Plaintiffs first argue in their Response that Governor Brewer's Motion must fail

24  because it did not adequately address Plaintiffs' claims for purported violations of

25  42 U.S.C. § 1983 and the Arizona Constitution.  *See* Response at 3-4.  This argument,

26  however, is a nonstarter.

27    Standing is a threshold inquiry that is made at the outset of a case and without

28  addressing the merits of the underlying claims.  *See Gerlinger v. Amazon.com, Inc., et al.,*

1  526 F.3d 1253, 1256 (9th Cir. 2008) ("We do not reach the merits, however, because the

2  plaintiff has not shown any injury-in-fact caused by the agreement, and he therefore lacks

3  Article III standing to bring this claim as well.").  The jurisdictional question of standing,

4  therefore, precedes, and does not require analysis of the merits.  *See Equity Lifestyle*

5  *Props., Inc. v. County of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008).

6          Thus, Plaintiffs' argument that Governor Brewer's Motion is deficient in that it

7  "fails to even mention the Arizona Constitution or Section 1983 regarding standing" is

8  not well-taken.  *See* Response at 4.

**B.    Ninth Circuit Precedent Holds That Plaintiffs Lack Standing In Cases Regarding Government Action Related To Vague And General Religiousity.**

11          Plaintiffs' Response relies heavily on *Catholic League for Religious and Civil*

12  *Rights v. City and County of San Francisco,* 624 F.3d 1043 (9th Cir. 2010).  Plaintiffs

13  argue that *Catholic League* stands for the proposition that a plaintiff has standing when

14  his or her religious or irreligious sensibilities are affected by government conduct.  *See*

15  Response at 4-5.  The government action\, at issue in *Catholic League* differs in material

16  respects from the Proclamations at issue here.  *Catholic League* dealt with a "local

17  ordinance condemning the church and some of the municipality's residents" – an

18  ordinance that the Court described as "'hateful and discriminatory,' 'insulting and

19  callous,' and 'insensitiv[e] and ignoran[t].'"  *See Catholic League,* 624 F.3d at 1051

20  n. 26; *id.* at 1053.  The Ninth Circuit acknowledged that an ordinance that targets a

21  specific religion and specific individuals was markedly different from government action

22  that included "vague and general religiousity."  *Id.* at 1053.  Thus, the holding in *Catholic*

23  *League* has no relevance here, because the Proclamations in this case do not single out a

24  particular religion and, at best,  could be construed as vague and general religiosity.

25          With respect to government action akin to prayer proclamations, the Ninth Circuit

26  continues  to  hold  that  such  actions  do  not  confer  standing  based  upon  a  mere

27  "generalized grievance" or disagreement with the government action.  *See Newdow v. Rio*

28  *Linda Union Sch. Dist.*, 597 F.3d 1007, 1016-17 (9th Cir. 2010) (considering claim by

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

1 atheists that the phrase "under God" in the pledge of allegiance violated the establishment

2 clause, and holding that the "plaintiffs would, at most, be asserting 'generalized

3 grievances more appropriately addressed in the representative branches', which do not

4 confer standing.") (citation omitted); *Newdow v. Lefevre*, 598 F.3d 638, 643 (9th Cir.

5 2010) (holding that the plaintiff lacked standing to challenge the national motto "In God

6 we trust" because "an 'abstract stigmatic injury' resulting from [the plaintiff's alleged]

7 outsider status is insufficient to confer standing." (citation omitted).[1]

8    Indeed, the majority of the Ninth Circuit in *Catholic League* acknowledged *Rio*

9 *Linda* and *Lefevre* and distinguished them from the religion-condemning ordinance at

10 issue in *Catholic League* because the plaintiffs in *Catholic League,* "[were] not suing on

11 the mere principle of disagreeing with San Francisco, but because of that city's direct

12 attack and disparagement of their religion." *See Catholic League,* 624 F.3d at 1051 n. 26.

13 Thus, in cases where the government action is not a direct attack on or establishment of a

14 religion, but instead an action that perhaps is vaguely related to religion, the Ninth Circuit

15 continues to hold that an abstract stigmatic injury alleged by a plaintiff is insufficient to

16 meet that plaintiff's burden to establish standing.  *See Rio Linda,* 597 F.3d 1016-17;

17 *Lefevre*, 598 F.3d at 643.

18    **C.**   **Plaintiffs' Attempt To Manufacture Some Injury Sufficient To Establish Standing Fails.**

19

20    1.   Plaintiffs' Declarations Are Insufficient To Meet Plaintiffs' Burden To Establish Standing.

21    Perhaps because the FAC is deficient in its allegations concerning any injury to

22 Plaintiffs resulting from the Proclamations, Plaintiffs' Response incorporates several

23 declarations from Plaintiffs that attempt to articulate an injury sufficient to establish

24 standing.  However, an examination of these declarations reveal that they are little more

25    [1] In *Catholic League,* the Ninth Circuit also acknowledged *Valley Forge Christian*

26 *Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464 (1982), and distinguished its holding that a "psychological consequence" does not suffice as concrete

27 harm where it is produced merely by "observation of conduct with which one disagrees" from the concrete harm "produced by government condemnation of one's own religion or

28 endorsement of another's in one's own community."  *See Catholic League,* 624 F.3d at 1052.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1 than slight variations on the allegations of the FAC regarding injury – allegations that fall

2 well short of Plaintiffs' necessary showing to prove they have standing.[2]

3       For example, in their declarations, Plaintiffs allege that the Proclamations caused

4 them to feel "molested" and made Plaintiffs feel as if they were outsiders.  *See* Plaintiffs'

5 Statement of Uncontroverted Facts (Doc. #30-1), Ex. 19-28, ¶¶ 12, 17.   Plaintiffs

6 additionally claim that they felt "distraught" as a result of the Proclamations.   *See*

7 Plaintiffs' Statement of Uncontroverted Facts (Doc. #30-1), Ex. 19, 21-28, ¶ 18.

8       None of these allegations articulate injury that is sufficiently "(a) concrete and

9 particularized and (b) actual or imminent, not conjectural or hypothetical . . ." *Lujan*, 504

10 U.S. at 560.  As clearly held in *Valley Forge*, Plaintiffs' mere feelings of offense are not

11 sufficient for them to meet their burden to establish standing.  *See Valley Forge Christian*

12 *Coll.,* 454 U.S. at 485 (dismissing the plaintiffs' claims for lack of standing because the

13 plaintiffs "fail[ed] to identify any personal injury suffered by them as a consequence of

14 the alleged constitutional error, other than the psychological consequence presumably

15 produced by observation of conduct with which one disagrees.").  Thus, Plaintiffs' claims

16 that they feel like outsiders, that they feel molested, that they feel distraught, or that they

17 feel like second-class citizens are simply insufficient to grant them standing.

18       Plaintiffs' declarations set forth only one alleged action that they claim to have

19 taken in response to the Proclamations – a vague allegation that Plaintiffs attempt to

20 avoid exposure to "government officials proclaiming religion."[3]  *See* Plaintiffs' Statement

21 of Uncontroverted Facts (Doc. #30-1), Ex. 19, 21-28, ¶ 18.

22

23

24 [2] Declarations 20 and 28 attached to Plaintiffs' Statement of Uncontroverted Facts come from individuals who are not even parties in this litigation.  Thus, they are wholly irrelevant to whether Plaintiffs have met their burden to establish standing in this matter

25 and should not be considered by the Court.

26 [3] Importantly, Plaintiffs do not allege that they attempt to avoid media reports of the Proclamations specifically, but instead that they attempt to avoid media coverage related to generic "government officials proclaiming religion."  *See* Plaintiffs' Statement

27 of Uncontroverted Facts (Doc. #30-1), Ex. 19, 21-28, ¶ 18.  Thus, Plaintiffs have failed to establish that they have taken any action in response to the Proclamations that form the

28 basis of their claims.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1    Even taking Plaintiffs' allegations as true, they still fail to meet the Constitutional

2  requirements for standing for several reasons.  First, as observed by the Seventh Circuit,

3  proclamations related to a day of prayer do not provide standing to those in Plaintiffs'

4  position because they are non-binding and constitute a "request that can be declined."

5  *See Freedom From Religion Found., Inc.* 641 F.3d at 806.  Plaintiffs' attempt to avoid

6  exposure to "government officials proclaiming religion" does not alter the non-binding

7  nature of the Proclamations or change them into the government mandating action

8  sufficient to provide Plaintiffs with standing.[4]

9    Moreover, the Ninth Circuit addressed claims similar to Plaintiffs' in *Caldwell v.*

10  *Caldwell,* 545 F.3d 1126 (9th Cir. 2008), and held that the plaintiff there did not suffer

11  any injury sufficient to support standing.  In *Caldwell*, the plaintiff complained that the

12  University of California maintained a website that allegedly stated that religion was

13  compatible with evolution.  *Id.* at 1128.  These statements conflicted with the plaintiff's

14  beliefs, causing her to "feel like an outsider."  *Id.* The plaintiff further alleged that,

15  because of the content that offended her, she could not utilize the whole website and had

16  to avoid the offensive content.  *Id.* at 1131.

17    The Ninth Circuit held that the plaintiff's purported injury was "not sufficiently

18  differentiated and direct to confer standing on her."  *Id.* at 1133.  Despite the plaintiff's

19  claims that she could not fully utilize the website because some of the content offended

20  her, the Ninth Circuit concluded that her "offense is no more than an 'abstract objection'

21  to how the University's website presents the subject."  *Id.*

22    Plaintiffs' arguments here are almost identical to those set forth by the plaintiff in

23  *Caldwell*.  Plaintiffs here claim that they are offended by the Proclamations and that they

24  cannot fully enjoy the media due to concerns that they would be exposed to the

25    [4] If merely attempting to avoid media reports regarding government conduct that

26  allegedly violates the Establishment Clause was sufficient to provide standing, then
decades of Supreme Court jurisprudence that require a plaintiff to show a concrete and

27  particularized injury would be eviscerated.  *See Lujan,* 504 U.S. at 560.  Under such a
scenario, the taxpayer in *Valley Forge* could claim to have attempted to avoid media

28  coverage regarding the government donating property to a religiously-affiliated
institution and thereby established standing.  Such a result cannot be sanctioned here.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1  purportedly offensive "government officials proclaiming religion."  *See* Plaintiffs'

2  Statement of Uncontroverted Facts (Doc. #30-1), Ex. 19, 21-28, ¶ 18.  But a virtually

3  identical injury was ruled to be insufficient to establish standing by the Ninth Circuit in

4  *Caldwell.*  Indeed, the argument for standing here is decidedly weaker than that in the

5  *Caldwell* case in that Plaintiffs here are not alleging that they have to take efforts to avoid

6  or are prevented from freely using a publicly accessible *government* resource in order to

7  avoid the purportedly offending content.[5]  *See, generally,* FAC.  Instead, Plaintiffs here

8  claim to be making efforts to avoid certain media in order to avoid being exposed to

9  government officials proclaiming religion.  *See* Plaintiffs' Statement of Uncontroverted

10  Facts (Doc. #30-1), Ex. 19, 21-28, ¶ 18.  Thus, Plaintiffs' purported attempts to avoid

11  "government officials proclaiming religion" is not sufficient for Plaintiffs to meet their

12  burden to establish standing.

13              2.       FFRF's Claim Of Representational Standing Fails.

14      Plaintiffs next argue that FFRF has representational standing[6] because at least one

15  of FFRF's members has standing.  However, for the reasons stated above, the individual

16  Plaintiffs lack standing because of their failure to establish a concrete and particularized

17  injury.  Thus, FFRF cannot have representational standing.  *See Hunt v. Wash. State*

18  *Apple Adver. Comm'n,* 432 U.S. 333, 343 (1977).

19

20

21

22

23      [5]   That a plaintiff has altered his or her conduct to avoid exposure to religious
displays on public lands has been held to support standing in some cases.  *See, e.g.,*
24  *Buono v. Norton,* 371 F.3d 543 (9th Cir.. 2004); *Vazquez v. Los Angeles County.,* 487
F.3d 1246 (9th Cir. 2007).  The Ninth Circuit, however, inherently limited this holding to
25  physical displays when it ruled that the *Caldwell* plaintiff avoiding those portions of a
website that contained purportedly offensive material was insufficient to establish
26  standing because the offensive material was not "permanently installed" nor was the
plaintiff's contact with the offensive material "forced" on a daily basis.  *See Caldwell,*
27  545 F.3d 1132 (citing *Buono* and *Vazquez*).

28      [6]   Plaintiffs apparently concede that FFRF does not have direct standing.  *See*
*Response* at 9 (stating that "direct standing is not in question.").

**D.** **The Seventh Circuit's Recent Decision That Individuals Like Plaintiffs Here Lacked Standing To Challenge The National Day Of Prayer Is Not Distinguishable.**

As noted in Governor Brewer's Motion to Dismiss, the Seventh Circuit recently considered whether FFRF and its members had standing to sue regarding President Obama's proclamation related to the National Day of Prayer, and concluded that "[n]o one is injured by a request that can be denied." *See Freedom From Religion Found., Inc.* 641 F.3d at 806.  The Seventh Circuit aptly observed that:

> [A]lthough this proclamation speaks to all citizens, no one is obliged to pray, any more than a person would be obliged to hand over money if the President asked all citizens to support the Red Cross and other charities.  It is not just that there are no penalties for noncompliance; it is that disdaining the President's proclamation is not a "wrong."

*Id.*  The Seventh Circuit concluded that President Obama's issuance of a proclamation related to the National Day of Prayer did not confer standing upon FFRF or its members. *Id.* at 808; *see also Freedom From Religion Found., Inc. v. Texas Governor Rick Perry,* ___F. Supp. 3d___, 4:11-CV-02585, 2011 WL 3269339 (S.D. Tex. July 28, 2011) (dismissing case brought by FFRF regarding Texas Governor's promotion of a prayer rally for lack of standing).

Similarly, Governor Brewer's Proclamations did not force Plaintiffs to take any action. *See* FAC. Ex. 4, 6 and 7.  No one is obliged to pray and there are no penalties for failing to do so.  Thus, the Proclamations alone are insufficient to confer standing to Plaintiffs.

In arguing that this Court should not consider the Seventh Circuit's *Obama* opinion, Plaintiffs attempt to distinguish the *Obama* case from the case at bar.  However, Plaintiffs' attempts to distinguish the *Obama* case fail.

Plaintiffs first argue that, because Governor Brewer was not directed by Congress to declare a state day of prayer, this Court should not consider the *Obama* opinion.  *See* Response at 11.  However, the *Obama* opinion was not predicated on Congressional action in any way.  *See, generally, Freedom From Religion Found., Inc.* 641 F.3d 803. Though President Obama's proclamations regarding the National Day of Prayer were

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1 made pursuant to 36 U.S.C. § 119, the *Obama* opinion's standing analysis only addressed

2 the affect that the proclamations made by President Obama had on the plaintiffs.[7]

3 *Freedom From Religion Found., Inc.* 641 F.3d at 806-08.  Nowhere in that decision was a

4 legislative action considered in reaching the conclusion that "[t]he psychological

5 consequence presumably produced by observation of conduct with which one disagrees is

6 not an injury for the purpose of standing."  *Id.* at 807-08.

7        Plaintiffs next assert in conclusory fashion that this Court should disregard the

8 *Obama* opinion because the "Plaintiffs are confronted by their local government with

9 whom their connection is significantly greater."  Response at 11.  However, the Seventh

10 Circuit's analysis in *Obama* did not turn on the connection between the plaintiffs and the

11 level of government that issued the proclamation, but rather focused on the fact that

12 "unless all limits on standing are abandoned, a feeling of alienation cannot suffice as

13 injury in fact."  *Id.* at 808.  Thus, a proclamation that purportedly offends, yet that can be

14 ignored, is simply insufficient to meet a plaintiff's burden of establishing standing,

15 regardless of its source.

16        Plaintiffs next attempt to distinguish the *Obama* decision by arguing that the fact

17 that they claim the Proclamations violate the Arizona Constitution should alter the

18 standing analysis.  However, as noted above, Plaintiffs' underlying claims have no

19 impact on the necessary standing analysis, making Plaintiffs' attempt to distinguish the

20 Seventh Circuit's opinion a non-starter.

21        Finally, Plaintiffs argue that the declarations they submitted in connection with

22 their Motion for Summary Judgment distinguish this case from the *Obama* case in that

23 Plaintiffs' injuries here are "unique and distinct from those alleged by the Wisconsin

24 plaintiffs."  *See* Response at 12.  However, for the reasons noted above, the purported

25 injuries articulated in those declarations are not sufficiently concrete nor particularized to

26 support a finding of standing.  Thus, this Court should take guidance from the Seventh

27 _____

28        [7] The Seventh Circuit did separately consider whether 36 U.S.C. § 119 provided the plaintiffs with standing and concluded that it did not because it required no action by the plaintiffs.  *Freedom From Religion Found., Inc.*, 641 F.3d at 806-07.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

1    Circuit and hold that the Plaintiffs' disagreement with the Proclamations is insufficient

2    for the Plaintiffs to meet their burden to plead standing.

3                    **E.        Plaintiffs' Declaratory Relief Claims Fail.**

4             In her Motion to Dismiss, Governor Brewer established that, to the extent

5    Plaintiffs seek such a declaration regarding any past Proclamations, such a claim is moot

6    because this Court cannot provide any meaningful relief regarding the proclamations that

7    took place in January 2010, April 2010, or April 2011.  *See* FAC ¶¶ 20-21.

8             Plaintiffs argue with respect to the past Proclamations that they are entitled to a

9    declaration that those Proclamations violate the law.  However, because Plaintiffs are not

10   seeking damages (only attorneys fees[8]), any injuries they might have sustained from past

11   prayer proclamations are moot. *St. John's United Church of Christ v. City of Chicago*,

12   502 F.3d 616, 627-28 (7th Cir. 2007).

13            Governor Brewer also established in her Motion that this Court cannot provide

14   relief to any alleged future Proclamations because it is not clear whether any such

15   proclamations will be made, rendering any alleged injury in this regard entirely

16   hypothetical. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-110 (1983); Motion at

17   11-12

18            In their Response, Plaintiffs engage in speculation that, because of the

19   Proclamations issued in the past, future proclamations are inevitable. *See* Response at 13.

20   But this speculation cannot overcome the case and controversy requirements.

21            Plaintiffs also, and without legal justification, "urge the court to reject the

22   reasoning" in *Newdow v. Bush,* 391 F.Supp. 2d 95 (D.D.C. 2005).  However, the *Newdow*

23   case is directly on point and holds, in the context of inaugural prayers, that courts "cannot

24   . . . rule on the constitutionality of prayers yet unspoken at future inaugurations of

25   presidents who will make their own assessments and choices with respect to the inclusion

26   of prayer." *Newdow,* F. Supp. 2d at 108.  The same reasoning applies here, making any

27            ───────────────
                   [8] Plaintiffs' seek attorneys' fees pursuant to 42 U.S.C. § 1988.  *See* FAC at 12;
28   However, those attorneys' fees cannot be classified as damages. *United States v. Sec.*
     *Mgmt. Co., Inc.*, 96 F.3d 260, 269-70 (7th Cir. 1996).

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

1 declaration regarding unspoken and unknown future proclamations wholly improper.  *See*

2 *Protestant Mem'l Med. Ctr. v. Maram*, 471 F.3d 724, 729 (7th Cir. 2006).

3 **CONCLUSION**

4 For the above-stated reasons, Governor Brewer respectfully requests that this

5 Court dismiss Plaintiffs' claims.

6 RESPECTFULLY SUBMITTED this 21st day of October, 2011.

7 BALLARD SPAHR LLP

8 By: /s/ Joseph A. Kanefield
      Joseph A. Kanefield
9

10 THOMAS C. HORNE
   ATTORNEY GENERAL

11 By: /s/ Signed by Joseph A. Kanefield (w/permission)
       David R. Cole
12

13 OFFICE OF THE GOVERNOR, JANICE K. BREWER

14 By: /s/ Signed by Joseph A. Kanefield (w/permission)
       Joseph Sciarrotta, Jr.

15 *Attorneys for Defendant Janice K. Brewer, Governor of*
      *the State of Arizona*
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

<u>/s/ Rosalin Sanhadja</u>

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400

DMWEST #8544180 v1

12