1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE DISTRICT OF ARIZONA

8

9   Freedom From Religion Foundation, Inc..,)   No. CV-11-495-PHX-ROS
    et. al.                                    )
10                                            )   **ORDER**
                    Plaintiffs,               )
11                                            )
    vs.                                       )
12                                            )
13  Janice K. Brewer, Governor of the State of)
    Arizona,                                  )
14                                            )
                    Defendant.                )
15  _____  )

16          Pending before the Court is Defendant's motion to dismiss (Doc. 27).  For the reasons

17  below, the motion will be granted.

18                              **BACKGROUND**

19          Plaintiffs allege Defendant is violating the Establishment Clause of the United States

20  Constitution, the Arizona Constitution, and 42 U.S.C. § 1983 by proclaiming a day of prayer.

21  (Doc. 26).   Plaintiffs are: the Freedom From Religion Foundation, Inc. ("FFRF"), an

22  organization "opposed to government endorsement of religion"; the Valley of the Sun

23  Chapter of FFRF; three individual members of FFRF who are identified as nonbelievers in

24  religion or one or more gods; and four individuals who are not alleged to be members of

25  FFRF and are identified as believers of the Jewish, Christian or Muslim faiths and gods.

26  (Doc. 26, ¶ 1-10).  FFRF has more than 16,000 members in the United States and more than

27  400 members in Arizona.  (Id., ¶ 2).  Defendant is Janice K. Brewer, Governor of the State

28  of Arizona, sued in her official capacity. (Id., ¶ 11-13).

On August 24, 2011, Plaintiffs filed an Amended Complaint seeking declaratory and injunctive relief.  (Doc. 26).  Plaintiffs allege Governor Brewer proclaimed an Arizona Day of Prayer in 2009, 2010 and 2011. (Id., ¶ 20).  These days of prayer coincided with the days of prayer proclaimed by President Barack Obama.  (Id.).  In addition, Governor Brewer proclaimed a Day of Prayer for the Budget in 2010.  (Id., ¶ 21).  Unless enjoined, Governor Brewer is expected to issue a similar proclamation for an Arizona Day of Prayer in 2012. (Id., ¶ 42).

On September 13, 2011, Governor Brewer moved to dismiss the Amended Complaint. (Doc. 27).  Plaintiffs filed a response, and Governor Brewer filed a reply.[1]

**ANALYSIS**

Under the Establishment Clause of the First Amendment of the United States Constitution, "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I.  The Establishment Clause applies to the states through the Fourteenth Amendment.  *E.g., Wallace v. Jaffree*, 472 U.S. 38, n. 10 (1985).  "Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'"  *Hein v. Freedom From Religion Foundation, Inc*., 551 U.S. 587, 597-98 (2007) (quotations omitted).  "[O]ne of the controlling elements in the definition of a case or controversy under Article III is standing."  *Id.* (quotation omitted).

"Standing is the first question because, *unless the case presents a justiciable controversy, the judiciary must not address the merits.*"  *Freedom From Religion Foundation v. Obama*, 641 F.3d 803, 805 (7th Cir. 2011) (emphasis added).  To show standing, Plaintiffs must demonstrate injury, causation, and redressability.  *Id.; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992).  The focus here is on injury.  To qualify for standing purposes, the injury must be: "injury in fact - an invasion of a legally protected interest which is (a)

---

[1] On September 30, 2011, Plaintiffs filed a motion for partial summary judgment. Upon stipulation of the parties, the Court extended the deadline to respond to the motion for partial summary judgment until 30 days after the Court rules on the motion to dismiss.

concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations and quotations omitted).

In *Freedom From Religion Foundation v. Obama*, the Seventh Circuit vacated the district court's decision holding President Obama's proclamation of a day of prayer violated the Establishment Clause, and remanded to dismiss for want of a justiciable controversy. 641 F.3d at 805, 808.  The Seventh Circuit stated, "although this proclamation speaks to all citizens, no one is obliged to pray, any more than a person would be obliged to hand over his money if the President asked all citizens to support the Red Cross and other charities. . . . No one is injured by a request that can be declined." *Id.* at 806.  Like Plaintiffs in this case, the plaintiffs in *Freedom From Religion Foundation v. Obama* alleged they were "injured because they feel excluded, or made unwelcome, when the President asks them to engage in a religious observance that is contrary to their own principles." *Id.* at 806-07.  The Seventh Circuit stated, "hurt feelings differ from legal injury." *Id.* at 807.   "Plaintiffs have not altered their conduct one whit or incurred any cost in time or money.  All they have is disagreement with the President's action." *Id.* at 808.  As such, the plaintiffs lacked injury to confer Article III standing. *Id.*

In *Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010), the Ninth Circuit affirmed the district court's ruling that the plaintiffs lacked standing to bring an Establishment Clause challenge to 36 U.S.C. § 302, which recognized "In God We Trust" as the national motto. *Id.* at 643.[2]  The plaintiffs alleged the national motto "turns Atheists into political outsiders and inflicts a stigmatic injury upon them." *Id.*  The Ninth Circuit held "an abstract stigmatic injury resulting from such outsider status is insufficient to confer standing." *Id.* (quotation omitted).   Mere awareness of the motto was not the kind of "unwelcome direct contact" giving rise to injury sufficient to confer Article III standing. *Id.*

Governor Brewer's proclamations proclaim a day of prayer (Doc. 26, Exs. 4, 6 and

---

[2] The Ninth Circuit held the plaintiff did have standing to challenge the motto on coins and currency because the plaintiff showed a "concrete, particularized, and personal injury resulting from his frequent contact with the motto." *Lefevre*, 598 F.3d at 642.

7), and one proclamation "encourage[s] all citizens to pray for God's blessings on our State and our Nation." (Id., Ex. 6). Though "encouraged," no one, including Plaintiffs, is obligated to pray. Nor are Plaintiffs forced to alter their physical routine or bear a monetary expense to avoid a religious symbol. *Freedom From Religion Foundation v. Obama*, 641 F.3d at 808.

Instead, Plaintiffs here have argued they feel slighted and excluded because they were "exhorted" to pray by the Governor's proclamations. "Exhort" is defined as to "make urgent appeal." Webster's Third New International Dictionary 796 (2002). But the proclamations simply "proclaim" a day of prayer and, in the January 2010 proclamation, citizens are "encourage[d]" to pray. (Doc. 26, Ex. 6). "Encourage" is defined as "to spur on." Webster's Third New International Dictionary 747 (2002). This is insufficient to show injury. *Id.; see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464 (1982) (plaintiffs failed "to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing . . . ."); *Freedom From Religion Foundation v. Texas Governor Rick Perry,* No. H-11-2585, 2011 WL 3269339 (S.D. Tex. July 28, 2011) (dismissing case for lack of standing where FFRF sought to enjoin Texas Governor from promoting prayer rally); *Lefevre*, 598 F.3d 638. Plaintiffs have failed to identify personal injury.

Plaintiffs provide affidavits to establish they turned off the television and altered conversational habits to avoid the topic of religion or the day of prayer. Plaintiffs allege this constitutes injury sufficient to confer standing. Plaintiffs, however, do not explain why their alleged injury is different than injuries in other Establishment Clause cases in which the plaintiffs did not have standing, such as the President's day of prayer proclamation. Essentially, Plaintiffs seek a ruling obliquely holding that injury sufficient to confer standing exists under the Establishment Clause where government action is covered in the news or the subject of a social conversation. The Court declines to depart from Establishment Clause

case law on this ground.  Plaintiffs have not shown injury beyond "stigmatic injury" or feeling like an "outsider."  *Lefevre*, 598 F.3d at 643.  As such, Plaintiffs' alleged injury is insufficient to establish standing.[3]

Plaintiffs rely on *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043 (9th Cir. 2010), for the proposition that they suffer injury sufficient to establish standing where their religious or irreligious sensibilities are affected by government conduct.  However, in *Catholic League*, the government action was not a proclamation of a day of prayer which anyone could ignore.  The government action was a "local ordinance condemning the church and some of the municipality's residents," which the Ninth Circuit described as "a government condemnation of a particular church or religion."  *Catholic League*, 624 F.3d at 1051 n. 26; *id* at 1053.  The Ninth Circuit recognized an ordinance targeting a specific religion and specific individuals was distinguishable from a proclamation that includes "vague and general religiosity."  *Id.* at 1053.  The Ninth Circuit distinguished *Catholic League* from *Lefevre* because in *Catholic League* the plaintiffs were "not suing on the mere principle of disagreeing with San Francisco, but because of that city's direct attack and disparagement of their religion."  *Catholic League*, 624 F.3d at 1051 n. 26.  The case before the Court is not a direct attack and disparagement of any person's belief system.  It is a generalized proclamation which does not require any action by Plaintiffs.  As such, *Catholic League* is not controlling.

Plaintiffs lack standing because Governor Brewer's proclamations do not injure Plaintiffs.  Without standing, the Court need not address the merits of the case.  As such, Governor Brewer's motion to dismiss for lack of standing will be granted.[4]

---

[3] This case is more similar to *Freedom From Religion Foundation v. Obama*, 641 F.3d 803 than *Arizona Civil Liberties Union v. Dunham*, 112 F. Supp. 2d 927 (D. Ariz. 2000).

[4] This order resolves all claims.  Plaintiffs' Establishment Clause claim and Section 1983 claim for violation of the Establishment Clause are discussed above.  Given the Court's ruling, Plaintiffs' Arizona Constitutional challenge is not properly before this Court.  *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001) ("[I]f the court

Accordingly,

**IT IS ORDERED** Defendant's motion to dismiss (**Doc. 27**) is **GRANTED**.

**IT IS FURTHER ORDERED** all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** the **Clerk of the Court** shall enter **Judgment in favor of Defendant.**

DATED this 9th day of December, 2011.

Roslyn O. Silver
Chief United States District Judge

dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

- 6 -